# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : |
| | : Case No. 1:17-cr-00225-TSC |
| MICHAEL ZEWDNEH AREGA, | : |
| Defendant. | : |

## MEMORANDUM OPINION AND ORDER

Defendant's Emergency Motion for a Stay and Reevaluation was referred to the undersigned. [Dkt. 8]. At issue here is whether there is reasonable cause to believe that a mental competency evaluation of Defendant is warranted pursuant to 18 U.S.C. § 4247(b). This is a non-dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 59(a) of the Federal Rules of Criminal Procedure, and Local Criminal Rule 59.1.

Defendant was arrested on November 6, 2017, and charged with transmitting in interstate commerce a communication containing a threat to injure the person of another, in violation of 18 U.S.C. § 875(c). He made his initial appearance on November 7, 2017, at which time the government moved to detain Defendant pending trial and for a mental competency evaluation. The undersigned ordered Defendant to undergo a preliminary competency evaluation by a psychologist associated with the District of Columbia Department of Behavioral Health, Pretrial and Assessment Branch, and, in light of that decision, deferred addressing the detention motion until the question of Defendant's competency could be resolved. On November 21, 2017, the undersigned found, based on the competency screening report prepared by the psychologist, that

there was reasonable cause to believe that a mental competency evaluation of Defendant was warranted. Accordingly, the Court ordered that Defendant be committed to the custody of the Attorney General for a period not to exceed 30 days for placement in a suitable facility for a competency evaluation. [Dkt. 6 (the "November 21 Order")].

On December 19, 2017, Defendant filed this emergency motion seeking a stay of the November 21 Order and a re-evaluation of Defendant's competency. [Dkt. 8]. The motion noted that, although the original order regarding Defendant's competency evaluation was issued almost one month prior, Defendant had still not been transported to the designated Bureau of Prisons facility in Colorado for his evaluation. In the meantime, Defendant had been receiving mental health treatment at the D.C. Jail and had begun taking medication to address the symptoms of his mental illness. Also on December 19, the government filed a progress report noting that Defendant had been designated to the Colorado facility on December 7, 2017, but had not yet been transported. The government raised an issue under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, noting that, pursuant to the statute, a period of delay of more than 10 days in transporting a defendant to or from a place of examination is presumptively, but not conclusively, unreasonable (and therefore not excluded from Speedy Trial Act calculations), and that the court should allow the parties to present evidence that any delay in excess of 10 days was reasonable here. *See* 18 U.S.C. § 3161(h)(1)(F).

A hearing was held on December 21, 2017, at which the undersigned granted Defendant's motion for a stay of the November 21 Order and further ordered a re-evaluation of Defendant's competency, again through a screening by the District of Columbia Department of Behavioral Health. [Dkt. 12]. A hearing was scheduled for January 11, 2018, to determine whether Defendant should be committed to the custody of the Attorney General for a full competency evaluation and

to take evidence and hear argument regarding the Speedy Trial Act issue that the government had raised in its progress report. *Id.*

Defendant was again screened on January 9, 2018. In her report, the Department of Behavioral Health psychologist noted that Defendant was much changed since his original screening. Having been placed on a regimen of medications, including antipsychotics, Defendant was alert, lucid, and his conversation was goal-directed. He no longer suffered from the irrational and delusional ideation that he had previously exhibited. The psychologist opined that Defendant was competent to stand trial.

A hearing to determine whether Defendant should be committed to the custody of the Attorney General for a full competency evaluation was held on January 11, 2018. Neither party challenged the conclusions of the competency screening report. In addition, counsel for Defendant represented, based on her interactions with Defendant, that he was competent to stand trial. On the basis of the preliminary competency report and the representations of counsel, the undersigned finds that there is no longer a reasonable basis to believe that a mental competency evaluation under 18 U.S.C. § 4241(b) or further competency hearing under 18 U.S.C. § 4241(c) is warranted at this time.[1]

As to the Speedy Trial Act issue, the government declined to present evidence at the hearing as to the reasonableness of any delay in transporting Defendant to the Colorado facility exceeding 10 days, taking the position that the pendency of the detention motion from November 7, 2017, functioned to exclude time pursuant to 18 U.S.C. § 3161(h)(1)(D). The government further noted that it was unnecessary to resolve any Speedy Trial issues immediately, because they

---

[1] At the hearing, the undersigned denied the government's motion to detain Defendant prior to trial and released him under the Pretrial Services Department's High Intensity Supervision Program, with additional conditions prohibiting Internet use and requiring Defendant comply with his mental health treatment, including his medication regimen.

might ultimately be mooted by a pre-trial resolution of the case and because they were not presently ripe as no trial date had been set.

The undersigned finds that only the Emergency Motion for a Stay and Reevaluation, which did not itself address any issue as to the exclusion of time, has been referred for resolution and therefore declines to address the Speedy Trial Act issues. Minute Order dated Dec. 20, 2017. Should the district judge choose to refer any Speedy Trial Act disputes, the undersigned will address them expeditiously.

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 59(a) of the Federal Rules of Criminal Procedure, and Local Criminal Rule 59.1, the Order dated November 21, 2017, is **VACATED**.

**SO ORDERED.**

January 17, 2018  G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE